**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JOAQUIN MARIANO DeMORETA-FOLCH,

          Complainant,

vs.                                  Case No.:   3:15-cv-709-J-34JRK

MANNY J. RODRIGUEZ, et al.,

          Defendants.
_____/

**ORDER**

      This case is before the Court on a complaint filed by Joaquin Mariano DeMoreta-Folch in the name of "We the People Statewide Common Law Grand Jury, Florida." (Doc. 1; Complaint). The Complaint names employees of Florida Power and Light Company (FPL) and several government officials, accusing them of various crimes and acts of wrongdoing apparently arising from FPL's attempt to replace DeMoreta-Folch's residential electrical meter box with a smart-meter. This Complaint is part of a troublesome trend, whereby citizens purporting to act as "common law grand juries" file frivolous or non-cognizable complaints in federal court. These frivolous and patently misleading filings burden the judiciary and hinder its ability to administer justice in truly meritorious cases.

      Upon review, the instant Complaint fails to articulate a cognizable claim for relief. District courts have "the inherent authority to dismiss a patently frivolous complaint." Cuyler v. Aurora Loan Services, LLC, 2012 WL 10488184, at *2 (11th Cir. 2012) (unpublished) (citing Fitzgerald v. First East Seventh Street Tenants Corp., 221 F.3d 362,

364 (2d Cir. 2000)).  The courts have that authority whether the complainant has paid the filing fee, as here, or not.  Fitzgerald, 221 F.3d at 364.  Additionally, the Complaint fails to articulate the basis of the Court's subject matter jurisdiction.[1]  Because this Complaint is patently frivolous and fails to state any claim on which relief can be granted, it is due to be dismissed.

Ordinarily, the Court would give a pro se litigant, such as DeMoreta-Folch, leave to amend the complaint before dismissing it – if "it appear[ed] a more carefully drafted complaint might state a claim upon which relief can be granted[.]"  Bank v. Pitt, 928 F.2d 1108, 1112 (11th Cir. 1991), overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp., 314 F.3d 541, 542 (11th Cir. 2002) (en banc) (overruling Pitt's holding only where the litigant is counseled, and the litigant neither moved to amend nor requested leave to amend).  Upon review of the Complaint, the Court is convinced that DeMoreta-Folch could not state a cognizable claim for relief even if the Court gave him leave to amend, and therefore granting such leave would be futile.

Accordingly, it is hereby

**ORDERED:**

---

[1] Federal courts are courts of limited jurisdiction and therefore have an obligation to inquire into their subject matter jurisdiction. See Kirkland v. Midland Mortgage Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). This obligation exists regardless of whether the parties have challenged the existence of subject matter jurisdiction. See Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999) ([I]t is well settled that a federal court is obligated to inquire into subject matter jurisdiction sua sponte whenever it may be lacking."). "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction:  (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).  In the event this threshold requirement is not met, the Court must dismiss the action if it "determines at any time that it lacks subject-matter jurisdiction." Fed. R. Civ. P. 12(h)(3).  Although DeMoreta-Folch alleges that FPL violated various constitutional rights, he does not allege that FPL is a state actor, or that FPL was acting under color of state law when it engaged in the conduct of which he complains.  Therefore, the Court has no basis to assume that it has federal question jurisdiction merely because DeMoreta-Folch alleges constitutional violations by FPL, a private company.

1. Complainant Joaquin Mariano DeMoreta-Folch's Complaint (Doc. 1) is **DISMISSED**.

2. The Clerk of Court is directed to close the file.

3. The Clerk of Court is further directed to remove the .pdf of the Complaint from the electronic filing system and maintain it in paper format.

**DONE AND ORDERED** at Jacksonville, Florida, this 10th day of July, 2015.

*/s/ Marcia Morales Howard*
MARCIA MORALES HOWARD
United States District Judge

Lc 19

Copies:

Pro se party